IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSARIO A. FIORANI, JR. | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RWT-06-2878 |
| ALBERT LOWRY | * | |
| IMPERIAL FINANCIAL SERVICES, INC. | | |
|  (Previously EAI and ES, L.L.C.) | * | |
| BRADLEY BOOKE, ESQ. | | |
| | *** | |

## **MEMORANDUM OPINION**

On September 22, 2004, this Court received for filing a Complaint, Request for Production of Documents, Motion for Leave to Proceed In Forma Pauperis, and Motion for Order to Compel IFP Newspaper Coverage, filed by Plaintiff Rosario A. Fiorani ("Fiorani"), a resident of Kingstowne, Virginia. See Fiorani v. Lowry, et al., Civil Action No. L-04-3036 (D. Md.). The allegations contained in the thirty-five-page Complaint accused Defendants--Albert Lowry, Educational Advancement Institute ("EAI"), Entrepreneurial Systems, L.L.C. ("ES"), and Bradley Booke--of fraudulent and deceptive practices and the violation of state and federal laws and statutes. The numerous allegations included, but were not limited to, claims that Defendants:

(1)    Engaged in a planned pattern of holding thousands of fraudulent and deceptive real estate seminars nationwide, including the seminar attended by Plaintiff in Maryland on October 5 and October 6, 2002;[1]

(2)    Engaged in continuing deceptive and fraudulent sales tactics of selling real estate programs;

(3)    Intentionally deceived Plaintiff to believe in and rely on Defendant Lowry and EAI's false assertions or material misrepresentations of state and federal laws;

---

[1]    Plaintiff complained that the statements and claims made in seminars were "reckless, false, and intentionally deceptive."

(4)     Made material misrepresentations of facts and laws in their printed materials and tapes;

(5)     Engaged in fraudulent schemes to obtain payments from Plaintiff;[2] and

(6)     Engaged in educating Plaintiff as to deceptive schemes to defraud banks into making false applications for credit cards and bank loans.

Plaintiff requested compensatory damages of $200,000.00 and punitive damages in the amount of $600,000.00. He invoked this Court's jurisdiction under: 28 U.S.C. § 1332; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; 18 U.S.C. § 1512, Tampering with a Witness, Victim, and/or Informant; 18 U.S.C. § 1513, Retaliation Against a Witness, Victim, or Informant; and other related federal laws and the Maryland and Virginia Codes.[3]

On July 27, 2006, Defendant Booke's Motion to Dismiss for Lack of Jurisdiction was granted. See Fiorani v. Lowry, et al., Civil Action No. L-04-3036 at Paper Nos. 32 & 33. On May 4, 2006, Defendants Lowry, EAI, and ES filed a Motion for Involuntary Dismissal pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's alleged continuing failure to comply with April 4, 2006 court order related to Plaintiff's failure to provide discovery and deposition requests. See Fiorani v. Lowry, et al., Civil Action No. L-04-3036 at Paper No. 53. On June 28, 2006, Chief Judge Benson E. Legg granted Lowry, EAI, and ES's Rule 41(b) Motion and dismissed the case with prejudice. See Fiorani v. Lowry, et al., Civil Action No. L-04-3036 at Paper Nos. 58 & 59.

---

[2]     Plaintiff claimed that he lost approximately $2,000.00 as a direct payment to Defendants' "PrePaid Legal Plan."

[3]     Fiorani v. Lowry, et al., Civil Action No. L-04-3036, raised the following counts and claims: Count I-Fraud, Count II-Misrepresentation of Fact, Count III-Abuse of Legal Process, Count IV-Threats, Coercion and Retaliation, Count V-Economic Duress, Count VI-RICO, Count VII-Common Fraud, Count VIII-Intentional Infliction of Emotional Distress, Count IX-Unfair and Deceptive Trade Practices Act, Count X-Maryland-Virginia Consumer Protection Violations, and Count XI-Breaches of Oral Contracts and Written Contract.

On November 1, 2006, Plaintiff filed the instant action against Albert Lowry, Imperial Financial Services, Inc. (previously EAI & ES), and Bradley Booke.  Because he appears indigent, his Motion for Leave to Proceed In Forma Pauperis shall be granted.  The Complaint, however, shall be summarily dismissed.

The doctrine of res judicata encompasses two concepts: claim preclusion; and issue preclusion, or collateral estoppel.  See In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996). (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).  The doctrine of res judicata contemplates, at a minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction and asserting breach of the same duty.  See Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 563 (5th Cir. 1983).  For a prior judgment to bar an action on the basis of res judicata, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding.  See Grausz v. Englander, 321 F.3d, 467, 472 (4th Cir. 2003).

Rosario A. Fiorani, Jr. was the Plaintiff in Fiorani v. Lowry, et al., Civil Action No. L-04-3036, and Lowry, Imperial Financial Services, Inc., and Booke or parties in privity, e.g. EAI & ES, were all Defendants in that case.  The district court had exclusive jurisdiction over Plaintiff's claims and dismissed the Complaint "with prejudice" pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) concerns involuntary dismissals and their effects.  It provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for

3

failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

In Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501 (2001), the Supreme Court noted that not necessarily all judgments denominated "on the merits" are entitled to claim-preclusive effect. Thus, it is not true that a judgment "on the merits" is necessarily a judgment entitled to claim-preclusive effect, and the phrase "adjudication upon the merits" does not bear that meaning in Rule 41(b). Id. at 503. The Court held that a more reasonable reading of Rule 41(b)'s use of "adjudication upon the merits" is the opposite of "dismissal without prejudice." Id. at 505. As a result, "the effect of the 'adjudication on the merits' default provision of Rule 41(b) -- is simply that, unlike a dismissal 'without prejudice,' the dismissal [with prejudice] barred re-filing of the same claim in the [same court]. " Id. at 506; see Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180-81 (4th Cir. 1989); see also Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 678 (5th Cir. 2003) ( " '[A]n adjudication on the merits' [under Rule 41(b)] bars re-filing of the same claim in the same court but does not establish claim preclusion." ).[4]

Federal courts and Maryland state courts have adopted the "transaction test" to determine the identity of the causes of action. See Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984); deLeon v. Slear, 328 Md. 569, 589-90 (Md. 1992). Under this test, claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions.

---

[4] The Court must look to federal common law to determine the claim preclusive effect of the prior judgments of the federal court. While the Fourth Circuit has not expounded on the direct issue, the United States Court of Appeals for the Fifth Circuit has held that a federal court's penalty dismissal as a discovery sanction can have a res judicata effect on future federal court actions. See In the Matter of Reed, 861 F.2d 1381, 1381 (5th Cir. 1988); see also Matter of Besing, 981 F.2d 1488, 1496 n. 15 (5th Cir. 1993); Dillard v. Security Pacific Brokers, Inc., 835 F.2d 607 (5th Cir. 1988); 18A Wright & Miller, Fed. Prac. & Pro. 2d §§ 4435, 4440.

In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." See Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. Id.

Comparing Fiorani v. Lowry, et al., Civil Action No. L-04-3036 with the present suit, the Court finds that Plaintiff's claims arise out of the same transactions or occurrences.[5] Indeed, it appears that Plaintiff has re-filed the earlier action due, in part, to a strong disagreement with the determinations in Fiorani v. Lowry, et al., Civil Action No. L-04-3036. The res judicata implications of these facts are clear and the Court shall not revisit the claims in light of the estoppel effect of the prior ruling.[6]

---

[5] Plaintiff makes reference to the prior litigation in the instant case, claiming that Chief Judge Legg and defense counsel schemed to engage in various malicious and fraudulent acts which resulted in the dismissal of his cause of action. He alleges that the Court's actions violated his rights as a pro se litigant. To the extent that Plaintiff takes issue with the prior determinations of this Court he is free to file the appropriate appellate remedies.

Plaintiff does include additional allegations that he received threatening e-mails in the State of Virginia from October to December of 2005. Paper No. 1 at 17-18. These claims, raised under a count of "criminal conspiracy," are conclusory in nature. Further, the Court fails to see what, if any, connection these claims against the Nevada and Utah Defendants have to this jurisdiction. In any event, that these new allegations were never decided in the former case is not significant; it is black-letter law that res judicata bars all claims that were or *could have been* advanced in support of the cause of action in the first proceeding, not merely those that actually were adjudicated. See In re Varat Enters., Inc., 81 F.3d at 1315

[6] Plaintiff is not without recourse. He has sought to set aside the ruling in Fiorani v. Lowry, et al., Civil Action No. L-04-3036 and, in the event that an unfavorable decision is reached, he may appeal that case.

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> is granted and the Complaint is dismissed without requiring service of process on Defendants. A separate Order follows.

Date:   12/22/06                                             /s/                        
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE